IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

VINCENT LEWIS )
)
v. ) NO. 3:04-0532
) JUDGE CAMPBELL
CITY OF CLARKSVILLE )

## MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 16) and Plaintiff's Motion for Oral Argument (Docket No. 24). For the reasons stated herein, Defendant's Motion for Summary Judgment is DENIED, and Plaintiff's Motion for Oral Argument is DENIED as moot.

## FACTS

Plaintiff is an African-American police officer employed by Defendant with the Clarksville Police Department. Plaintiff alleges that Defendant discriminated against him because of his race and retaliated against him for complaining, in violation of 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"). Plaintiff also asserts that he was subjected to a racially hostile working environment. Defendant has moved for summary judgment, arguing that Plaintiff cannot establish his claims.

Defendant has filed a Memorandum in Support of Objections to Plaintiff's Summary Judgment Evidence (Docket No. 40), in which Defendant outlines certain evidence it claims cannot be considered on the pending Motion. The Court has not considered evidence which is inappropriate for summary judgment in making its decision.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## INTRODUCTION

The Court must first look at the time periods for which Plaintiff may allege wrongdoing in this action. The statute of limitations for bringing Section 1981 actions is four years. Anthony v. BTR Automotive Sealing Systems, Inc., 339 F.3d 506, 514 (6th Cir. 2003). An action for violation of the THRA must be brought within one year after the alleged discriminatory practice ceases. Tenn. Code Ann. § 4-21-311(d); Weber v. Moses, 938 S.W.2d 387, 389-90 (Tenn. 1996).

Under Title VII, a plaintiff must bring a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the allegedly unlawful practice occurred or within 300 days if the plaintiff initiates proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e)(1); Nichols v. Muskingum College, 318 F.3d 674, 677-78 (6th Cir. 2003).

2

Here, Plaintiff filed his EEOC charge on February 17, 2004, and his Complaint herein on June 18, 2004. Thus, Plaintiff's claims for violations of Section 1981 cover the period from June 18, 2000 forward; Plaintiff's THRA claims cover the period from June 18, 2003 forward; and Plaintiff's Title VII claims cover the period from April 23, 2003 forward. The Court will limit its race discrimination and retaliation analysis to the alleged acts which occurred during those time periods.[1]

In addition, the Court notes that Plaintiff's Response (Docket No. 21) attempts to raise certain evidence of disparate *impact*, rather than disparate *treatment*. Plaintiff has not brought a disparate impact case, and evidence related to other African-American employees is not relevant to his discrimination and retaliation claims.[2]

## RACIAL DISCRIMINATION

Plaintiff asserts that he was wrongfully passed over for promotion to sergeant, because of his race, in 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2005. Amended Complaint (Docket No. 14), ¶¶ 14 and 16. Defendant argues that its reasons for not promoting him were legitimate, nondiscriminatory reasons which Plaintiff cannot show were a pretext for discrimination. Docket No. 17.

In order to establish a case of race discrimination based upon a failure to promote under Title VII, the THRA, and Section 1981,[3] Plaintiff must show that: (1) he was in a protected class; (2) he

---

[1] The Court's analysis of Plaintiff's racially hostile work environment claim will be discussed below.

[2] Evidence admissible and relevant to Plaintiff's hostile work environment claim is discussed below.

[3] Plaintiff's THRA claim and Section 1981 claim are analyzed in the same fashion as his Title VII claim. Harper v. BP Exploration & Oil Co., 896 F.Supp. 743, 747 (M.D. Tenn. 1995);

3

applied and was qualified for the promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions. Dews v. A.B. Dick Co., 231 F.3d 1016, 1020-21 (6th Cir. 2000).

If Plaintiff establishes a *prima facie* case, then Defendant bears the burden to proffer a legitimate, nondiscriminatory reason for its decisions. Id. at 1021. Plaintiff then bears the burden of showing that Defendant's proffered reasons are pretextual. Id. To demonstrate pretext, Plaintiff may show that the proffered reason: (1) has no basis in fact, (2) did not actually motivate Defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. Id.

Defendant does not dispute that Plaintiff has established, at least for purposes of this Motion, the four elements of a *prima facie* case. Defendant contends, instead, that Plaintiff cannot show that Defendant's proffered reasons for not promoting him were pretextual. The Court finds that there are genuine issues of material fact as to whether Defendant discriminated against Plaintiff because of his race in failing to promote him to sergeant.

For example, Plaintiff has presented a memo dated June 14, 2004, from Michael Worsham, Defendant's Human Resources Director, which, in discussing recent promotions, states: "Based on Detective Lewis' greater length of service with the city and time-in-grade as a detective along with higher performance evaluation scores on the most recent performance evaluations I believe there is a high probability that he could successfully establish a prima fascia (sic) case and ultimately prevail on a charge of race discrimination." Docket No. 27, Ex. 15.[4]

---

Patterson v. McLean Credit Union, 109 S.Ct. 2363, 2377-78 (1989).

[4] This document appears to have been attached to a deposition as Exhibit 1 on or about 11-10-04. It is not included in the evidence objected to by Defendant. Docket No. 40.

4

For these reasons, Defendant's Motion for Summary Judgment is DENIED as to Plaintiff's racial discrimination claims for failure to promote.

## RETALIATION

Plaintiff also claims that Defendant retaliated against him for complaining about discriminatory practices. Retaliation is mentioned only in Plaintiff's Section 1981 count, not in the Title VII or THRA counts, of his Amended Complaint. Docket No. 14, ¶ 23.

To establish a claim for retaliation under Section 1981, Plaintiff must establish the same elements as required under Title VII: (1) he engaged in protected conduct, (2) the exercise of his civil rights was known to Defendant, (3) Defendant thereafter took an employment action adverse to Plaintiff or Plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor, and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 464 (6th Cir. 2001).

Defendant argues that Plaintiff cannot establish a retaliation claim because he cannot show an adverse employment action allegedly caused by retaliation. Plaintiff may show, however, retaliatory harassment by a supervisor, which he has alleged and, as noted below, as to which there are genuine issues of material fact.

Therefore, Defendant's Motion for Summary Judgment on Plaintiff's Section 1981 retaliation claim is DENIED.

## HOSTILE WORK ENVIRONMENT

Plaintiff's Amended Complaint alleges that he has been subject to an ongoing and continuing racially hostile work environment. Docket No. 14, ¶¶ 12 and 29.

5

To establish a *prima facie* case of hostile work environment based on race, Plaintiff must show that (1) he is a member of a protected class, (2) he was subjected to unwelcome racial harassment, (3) the harassment was based on race, (4) the harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile or offensive work environment, and (5) the existence of employer liability. Neuman v. Federal Express Corp., 266 F.3d 401, 405 (6th Cir. 2001). A hostile work environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. Faragher v. City of Boca Raton, 118 S.Ct. 2275, 2283 (1998).

In determining whether there was a hostile work environment, the Court must look to the totality of the circumstances. Clemons v. Ford Motor Co., 57 F.Supp.2d 469, 481 (M.D. Tenn. 1998). Factors to be considered include the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, whether it unreasonably interferes with the employee's work performance, and the effect on the employee's psychological well-being. Id.

Under Title VII, a charge alleging a hostile work environment will not be time barred if all acts constituting the claim are part of the same unlawful practice and at least one act falls within the filing period. National Railroad Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2065-66 (2002). "Providing that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 2074. In addition, evidence of discriminatory conduct towards other African-American employees is relevant and admissible to establish a hostile work environment. Jackson v. Quanex Corp., 191 F.3d 647, 660-662 (6th Cir. 1999).

6

Case 3:04-cv-00532   Document 43   Filed 09/30/05   Page 6 of 7 PageID #: 1251

Viewing the totality of the circumstances alleged, the Court finds that there is a genuine issue of material fact as to whether Plaintiff was subjected to a hostile work environment. For example, the evidence of harassment to other African-American employees is relevant on this issue, and Plaintiff has offered evidence of such harassment. In addition, the allegation that African-American employees are treated to a harsher standard for disciplinary actions than white employees, while it may not be an "adverse employment action," could be evidence of a hostile work environment.

For these reasons, Defendant' Motion for Summary Judgment on the hostile work environment claim is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Docket No. 16) is DENIED. Plaintiff's Motion for Oral Argument (Docket No. 24) is DENIED as moot. The case is referred to the Magistrate Judge for further customized case management, including monitoring of the ongoing alternative dispute resolution procedures.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7

Case 3:04-cv-00532   Document 43   Filed 09/30/05   Page 7 of 7 PageID #: 1252